IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LINCOLN CLINT MCGAHEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-099 |
| | ) | |
| GLEN JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and is proceeding *in forma pauperis* ("IFP"). Before the Court is Respondent's motion to dismiss the petition as untimely. (Doc. no. 12.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 12), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On November 1, 2011, Petitioner entered an Alford plea in McDuffie County Superior Court to charges of burglary and rape and was sentenced to fifteen years of imprisonment and ten years of probation on November 8, 2011. (Doc. no. 1, p. 4; doc. no. 13-1.) On November 23, 2011, Petitioner filed a letter with the clerk of court stating he wished to withdraw his guilty plea. (Doc. no. 13-2.) The state trial court construed this as a timely motion to withdraw his plea, appointed counsel, and scheduled a hearing on the

motion. (Doc. no. 13-3.) On December 14, 2011, Petitioner filed another letter stating he did not wish to withdraw his plea, and the trial court cancelled the hearing. (Doc. no. 13-4.) As a result, his convictions became final on December 14, 2011 when he withdrew his motion, and the time for filing a direct appeal of his conviction had already expired. O.C.G.A. § 5-6-38.

On July 2, 2012, Petitioner filed a "motion for out of time appeal to dismiss defective indictment and reverse void-judgment," alleging various deficiencies in his conviction. (Doc. no. 13-6.) On July 11, 2012, the state trial court denied the motion, construing it as a motion to modify or vacate his sentence. (Doc. no. 13-7.) On August 23, 2012, Petitioner filed a notice of appeal of the trial court's order which was dismissed as untimely on September 26, 2012. (Doc. nos. 13-8, 13-9.)

On December 18, 2012, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Dooly County. (Doc. no. 13-10.) The state habeas court denied the petition on November 6, 2013 after an evidentiary hearing.[1] (Id. at 8-9; doc. no. 13-12.) Petitioner filed an untimely application for a Certificate of Probable Cause on December 10, 2013 which was dismissed on April 20, 2015 due to its untimeliness. (Doc. no. 13-2.) Petitioner executed the instant federal habeas corpus petition on June 25, 2015. (Doc. no. 2, p. 28.) Petitioner raises claims of ineffective assistance of counsel and a defective indictment. (See generally doc. nos. 1, 2.)

---

[1] The order by the state habeas court is dated November 1, 2013 while the certificate of service upon the parties is dated November 4, 2013. As a third alternative, the Georgia Supreme Court stated that the final order was entered on November 6, 2013. Out of an abundance of caution, the Court is using the latter of these three dates.

2

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner's convictions became final on December 14, 2011 when he withdrew his motion to withdraw his guilty plea and the period of time for seeking direct review had expired. Colbert v. Head, 146 F. App'x 340, 342 (11th Cir. 2005) (treating a motion to withdraw guilty plea as post-conviction proceeding tolling the statute of limitations).

3

The final order in his state habeas case was entered on November 6, 2013, and the time limit for filing a certificate of probable cause ran on December 6, 2013. (Doc. no. 13-2.) Thus, his state habeas petition stopped tolling the one-year period on December 6, 2013. Although Petitioner filed an untimely application for a certificate of probable cause, it was not "properly filed" and thus does not toll the one-year period. Spottsville v. Terry, 476 F.3d 1241, 1244 (11th Cir. 2007). Accordingly, more than 500 days have elapsed on Petitioner's one-year time period from the completion of his state post-conviction proceedings alone, well beyond the one-year period allowed.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015).

4

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes there is no basis for equitably tolling AEDPA's one-year statute of limitations.

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

5

In sum, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 12), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 9th day of March, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA